# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

LARRY WAYNE JONES,                                                                           PLAINTIFF
ADC # 070147

v.                                            5:10CV00355-BSM-JJV

SHERRY CONRAD, Mailroom
Supervisor, Varner Unit, Arkansas
Department of Correction; *et al.*                                                    DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Plaintiff, Larry Wayne Jones, is serving a life sentence without the possibility of parole in the Varner Super Max Unit (VSM) of the Arkansas Department of Correction (ADC).  He filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his rights under the First and Fourteenth Amendments to the U.S. Constitution and under the Religious Land Use and Institutionalized Persons Act (RLUIPA).  (Doc. No. 2.) Plaintiff has two remaining claims: 1) Defendants violated his statutory and constitutional rights by denying him a book on the history of religious uses of the swastika; and 2) Defendants violated his constitutional rights through application of the VSM mail policy.

(Doc. No. 2.)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants filed a Motion for Summary Judgment (Doc. No. 37) and Mr. Jones responded (Doc. No. 47). Also pending is Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 52) and his Motion to Continue (Doc. No. 51). After careful review of all relevant pleadings, the Court finds the Motion for Summary Judgment should be GRANTED and this case should be dismissed with prejudice.

## II.   FACTS

ADC policy provides that all publications received by inmates "are subject to inspection and may be rejected if found to be detrimental to the security, discipline or good order of the institution or if they propose, condone or provide information likely to facilitate criminal activity." (Doc. No. 39-4 at 1.) A publication may also be rejected if it is believed to contain "[s]exually explicit material or material which features nudity which by its nature or content poses a threat to the security, good order, or discipline of the institution." (*Id.* at 2.) VSM policy states that all inmate packages are to be opened. (Doc. No. 39-3 at 3.) In instances where a package is found to contain objectionable material , the package "may be rejected in its entirety, but it may not be censored." (*Id.* at 2-3.)

On or about November 14, 2008, a package to Mr. Jones arrived in the VSM mailroom containing two books, "*Islam in History*" and "*Pornoland*." (Doc. No. 2 at 11.) As the title suggests, "*Pornoland*" contains nudity. (*Id.*) Mailroom supervisor Sherry Conrad referred "*Pornoland*" to the Publication Review Committee for a determination of

acceptability. Because "*Islam in History*" was shipped in the same package with "*Pornoland*," it was withheld from Mr. Jones. (*Id.*)

Following an April 13, 2009, determination by the review committee that "*Pornoland*" was rejected, Mr. Jones requested the copy of "*Islam in History*." (Doc. No. 2 at 12.) Defendants Harris and Hobbs denied his request and cited VSM Policy and Procedure as the reason, stating that "*Islam in History*" was shipped in the same package as "*Pornoland*." (*Id.*)

In 2010, Mr. Jones requested information on the history of religious uses of the swastika from Dharma Friends Buddhist Religious Society of Little Rock, Arkansas (Dharma Friends). (Doc. No. 2 at 5.) He states he sought this information for "the express purpose of enlightening [himself] about the religious significance of the symbol known as a swastika." (*Id.* at 6.) He believes that "God has urged [him] to acquire and use this particular knowledge for self enlightenment and to enlighten others about the sacred uses of the symbol[.]" (*Id.*)

On or about June 8, 2010, Ms. Conrad notified Mr. Jones that he was not allowed to receive his mail from Dharma Friends because it contained gang symbols (hereinafter "swastika mail" as used by Mr. Jones). (*Id.* at 5.)

The swastika is regarded as a gang sign and is often associated with the white supremacy movement. (Doc. No. 39 at 3.) Prior to requesting the swastika mail, Mr. Jones was aware that ADC policy prohibited inmates from receiving mail or publications containing gang signs or symbols. (*Id.*; Doc. No. 50 at 4.) Defendants state Mr. Jones failed

to notify them he ordered the book to exercise his religious beliefs.  (Doc. Nos. 39 at 3, 50 at 4.)  But after rejection of his swastika mail, Mr. Jones repeatedly informed the Defendants that he needed the swastika mail in order to exercise his religious beliefs.  (Doc. No. 50 at 4.)  Defendants denied Mr. Jones's request.  (Doc. No. 2 at 6-7.)

### III.   SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

When ruling on a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).

A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary

judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.   ANALYSIS

### A.   Swastika Mail

Mr. Jones complains that Defendants violated his statutory rights under RLUIPA[1] and his constitutional rights under the First Amendment. When faced with both a free exercise claim and a RLUIPA claim, a court must, as a threshold matter, inquire as to whether the prison has placed a "substantial burden" on the prisoner's ability to practice his religion. *Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009); *Gladson*, 551 F.3d at 833; *Patel*, 515 F.3d at 813.

Defendants assert that Mr. Jones has not shown how "[t]he deprivation of the swastika mail has substantially burdened" his ability to practice his religion. (Doc. No. 38 at 7-15, 19-21.) They specifically assert that Mr. Jones fails to allege and present proof that his "desire" for the swastika mail is "in any way rooted in religion or based upon sincerely held religious beliefs." (*Id.* at 11-12.) Mr. Jones states the denial of the swastika mail has substantially impeded his ability to fulfill his religious obligation because he does not have an alternative

---

[1]The Religious Land Use and Institutionalized Persons Act (RLUIPA), which will be discussed further in Section IV of this Recommended Disposition, provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1.

source to obtain the information in the swastika mail. (Doc. 48 at 6-7.)

After careful review, the Court finds that Mr. Jones fails to present a sufficient basis to support a finding that he was substantially burdened by denial of the swastika mail. He fails to provide any specific facts and instead makes broad and conclusory allegations. A party opposing a motion for summary judgment cannot rely on unsupported, conclusory allegations. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Mr. Jones must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Dunavant v. Moore*, 907 F.2d 77, 80 (8th Cir. 1990).

Mr. Jones fails to present such evidence and, therefore, fails to create an issue of fact for trial. As such, Defendants are entitled to summary judgment as a matter law with respect to his free exercise and RLUIPA claims.[2]

Mr. Jones also claims denial of his swastika mail was a violation of his constitutional right to equal protection.[3] "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be

---

[2]Even if somehow Mr. Jones could show a substantial burden, the safety concerns articulated by Defendants deserve deference and would persuade the Court to rule in their favor. *Singson v. Norris*, 553 F.3d 660 (2009). While no expert testimony has been presented in this case, the obvious safety, discipline, and order concerns of the maximum security prison are compelling penological interests.

[3]Defendants argue Mr. Jones has failed to fully exhaust this claim against all defendants. Upon viewing the exhibits submitted in the instant matter in a light most favorable to Mr. Jones, the Court finds that a question of fact exists as to whether he exhausted his Fourteenth Amendment claim against Defendant Conrad.

treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). When an equal protection claim is based on membership in a protected class or the infringement of a fundamental right, the claim is reviewed under the strict scrutiny standard. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 16 (1973). If an equal protection claim is neither based on membership in a protected class or grounded in a fundamental right, it is subject to a rational basis review. *Gilmore v. Cnty. of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005).

Here, Mr. Jones's equal protection claim is frivolous. He is really arguing that Defendants are not consistently restricting the swastika when they allow it to be seen in a historical context. Because Mr. Jones fails to identify the characteristics of the class of inmates he claims to be similarly situated to, Mr. Jones's equal protection fails and the Defendants are entitled to summary judgment as matter of law.

**B.**   *Islam in History*

Mr. Jones believes his rights were violated when Defendants prohibited his receipt of "*Islam in History*" because it was shipped in the same package as a prohibited book. This Court has already squarely addressed this issue in *Jones v. Hobbs*, 5:08CV00233SWW-JJV. This Court explained:

> [T]he policy is implemented for consistency and to increase "the efficiency and economy of the prison mailroom system and protect[ion] [of] staff from liability issues and false claims." (Doc. No. 162 at 3.) Plaintiff may have a good common sense argument against bureaucratic red-tape, but he is an inmate housed in the maximum security prison. And while Plaintiff is able to "provide some evidence as to the feasibility of implementing a less restrictive means of achieving prison safety and security, it does not outweigh the

> deference owed to the expert judgment of prison officials who are infinitely more familiar with their own institutions than outside observers." *Hamilton v. Schriro*, 74 F.3d 1545, 1556 n.15 (8th Cir. 1996).

*Id.,* Doc. No. 168.

The United States Court of Appeals affirmed that decision based on a finding that Defendant Conrad was entitled to qualified immunity. *Id.* at Doc. No. 186. Therefore, Mr. Jones's *Islam in History* claim should be dismissed.

### C. Qualified Immunity

Defendants argue they would be entitled to qualified immunity even if Mr. Jones had succeeded in establishing that Defendants violated his constitutional rights. Qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In analyzing this defense, the Court must consider whether Plaintiff's factual allegations show that Defendants' conduct 1) violated a statutory or constitutional right, and 2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). Courts have discretion in deciding which of the two prongs of the qualified-immunity analysis to tackle first. *Ashcroft v. al-Kidd*, 131 S. Ct. at 2080; *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cnty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified

immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial"). But "if there is a genuine dispute concerning predicate facts material to the qualified immunity issue, there can be no summary judgment." *Nelson*, 583 F.3d at 528 (quoting *Tlamka v. Serrell*, 244 F.3d 628, 632 (8th Cir. 2001)).

For the foregoing reasons, the Court finds that Plaintiff has failed to establish Defendants violated any constitutional right. Furthermore, an objectively reasonable person would not have known that denying an inmate – at a maximum security prison – mail and publications containing gang symbols and signs might violate the inmate's constitutional rights. Thus, Defendants are entitled to qualified immunity.

## V.  MOTION TO AMEND COMPLAINT

Mr. Jones has filed a Motion for Leave to File First Amended Complaint (Doc. No. 52). He seeks to clarify his First Amendment free exercise claim regarding the swastika mail. (*Id.*) Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). Despite this liberal standard, parties do not have an absolute right to amend their pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008); *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). A court may deny leave to amend when the amendment would be futile or would cause undue delay or prejudice. *Baptist Health v. Smith*, 477 F.3d at 544. A denial of leave to amend based on futility means that the amended complaint fails to state a claim.

*See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010); *U.S. ex rel Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001). Thus, amendment should only be permitted if the amended complaint could survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1101 (S.D. Iowa 2008). Even if the amended complaint were allowed, it would fail to save Mr. Jones's case. The Motion to Amend should, therefore, be DENIED.

**V.  CONCLUSION**

1. Defendants' Motion for Summary Judgment (Doc. No. 37) should be GRANTED and this cause of action should be dismissed with prejudice.

2. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 52) should be DENIED.

3. All other motions should be DENIED as moot.

4. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting the recommendations and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 15th day of February, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE